IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


TOLBERT P. SEIFFERT,

       **Plaintiff,**

**vs.**                                  **CASE NO. 5:11-cv-130/RS-GRJ**

**FLORIDA DEPARTMENT OF
CORRECTIONS,**

       **Defendant.**
_____/


## ORDER

Before me are Defendant's Motion for Summary Judgment (Doc. 41), Memorandum in Support (Doc. 44), and Statement of Facts (Doc. 43), and Plaintiff's Response in Opposition (Doc. 52) and Statement of Facts (Doc. 51).

Plaintiff has brought a two count complaint alleging causes of action under Florida's Whistleblower Act, and federal retaliation statute.   (*See* Doc. 1).


### Background

Plaintiff is an employee with Defendant Florida Department of Corrections ("DOC").   On March 17, 2008, Plaintiff testified in a sexual harassment suit filed by a fellow employee.   He claims that Defendant retaliated against him for this protected activity.   On November 3, 2008, Plaintiff was suspended for a period of ten days.   Plaintiff filed an appeal with the Public

Employee Relations Committee ("PERC") which resulted in a January 2009 settlement agreement.   (Doc. 37, Attach. 1&2).

On August 13, 2009, Defendant terminated Plaintiff's employment.   (Doc. 32, Attach. 11).   Plaintiff contends that the termination was caused by Plaintiff's disclosures of misfeasance, malfeasance, and gross misconduct which is protected by Florida's whistleblower statute. (Compl., ¶ 14).   Plaintiff appealed his termination to PERC pursuant to FLA. STAT. §110.227. This process resulted in a December 2009 order that Defendant was to "reinstate [Plaintiff] to his former position or a position having the same degree of responsibility as his former position." Defendant was also ordered to pay Plaintiff back pay and benefits.   *Id*.

## Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56 (c).   In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986).   The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party.   *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).   Thus, if reasonable minds could differ on the

inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).   However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party.   *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

## Analysis

**Whistleblower Act**

The parties agree that Plaintiff cannot recover for damages for his August 2009 termination. (*See* Doc. 52, p.2). This would result in a double recovery as the PERC has already made Plaintiff whole for his termination.   Plaintiff contends that his whistleblower retaliation claim seeks to redress alleged violations that occurred after the PERC's order. (Doc. 52, p.2). Namely, Plaintiff claims that Defendant illegally placed Plaintiff at Holmes Correctional Institution, rather than the Northwest Florida Reception Center ("NWFRC") which harmed his career and increased his travel expenses. *Id*.   Because these allegations occurred subsequent to the PERC order, they are not barred, and summary judgment is inappropriate.

**Retaliation**

The parties agree that Plaintiff cannot recover for damages for his November 3, 2008, suspension because of the January 2009 settlement agreement.   (Doc. 52, p.4).   Plaintiff contends that his retaliation claim seeks to redress alleged violations that occurred after the

settlement agreement.   (Doc. 52, p.4).   These post-settlement allegations are appropriate for consideration.   Defendant nevertheless asserts that Plaintiff has not stated a viable claim.

To establish a prima facie case of retaliation under Title VII, 42 U.S.C. § 2000e *et seq*., Plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) the adverse action was causally related to the protected activity.  *Webb-Edwards v. Orange County Sheriff's Office*, 525 F.3d 1013, 1028 (11th Cir. 2008).

Defendant claims that Plaintiff cannot show causation.   (Doc. 44, p.15).   Specifically, Defendant claims that Major John Godwin and Warden Samuel Culpepper were not employed at NWFRC while Plaintiff testified in the sexual harassment suit. *Id*. at 16.   Godwin and Culpepper deny any knowledge of Plaintiff's involvement in that case.  *Id*.   Further, Defendant claims that the first alleged retaliatory event occurred almost four months after Plaintiff testified, which is sufficiently long duration to defeat causation.

Plaintiff has raised sufficient allegations to make it a question of fact whether the decision-makers had knowledge of his protected activities.   He claims that it is implausible that they would not know because of their relationship with other DOC management officials.   (Doc. 52, p.9-10).

Turning to the timing of events, "in the absence of any other evidence of causation, a three and one-half month proximity between a protected activity and an adverse employment action is insufficient to create a jury issue on causation."  *Drago v. Jenne*, 453 F.3d 1301, 1308 (11th Cir. Fla. 2006) (*citing Wascura v. City of South Miami*, 257 F.3d 1238, 1248 (11th Cir. 2001)).

Here, Plaintiff claims that the first alleged retaliatory events occurred within weeks after

his testimony.   (Doc. 51, ¶45).   Plaintiff claims that he was transferred to a different post and moved from the day shift to the third shift.   *Id*.   It is unclear from the facts alleged whether these acts constitute adverse employment action.   *See Collado v. UPS*, 419 F.3d 1143, 1159 (11th Cir. 2005).   Adverse employment action "constitutes significant change in employment status such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits."   *Webb-Edwards*, F.3d at 1031 (*citing Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)).   Plaintiff has merely alleged that he had earned his post through seniority, and that the change in shift was against his wishes. (Doc. 51, ¶44).   He has not demonstrated that these actions created significantly different responsibilities or a change in benefits.   Therefore, they cannot be considered in the context of causation.

The first verifiable averse action, a written reprimand, was issued to Plaintiff on July 7, 2008.   This is nearly four months after his March 17, 2008 testimony.[1]   Plaintiff contends that a host of other adverse action occurred after his testimony and before his termination.   (Doc. 52, p.14).   He now seeks to recover for those acts which occurred after the settlement agreement including improper discipline, and failure to reinstate his position at NWFRC.   (Doc. 52, p.6). These post-settlement actions are at least a year removed from his testimony. Alone, the timeline of events would not be enough to establish causation.   However, Plaintiff contends that statements by other employees buttress his causation argument.   Sergeant Christopher Christmas stated he expected retaliation by Defendant for his testimony in this case. (Doc. 50, Attach. 18, p.

---

[1]  Plaintiff may not recover for these events which precede the settlement agreement.   However, Plaintiff argues that these early actions show that the chain of adverse actions, including those occurring after the settlement agreement, are causally related.

11-12).   His expectations were based upon his observations regarding Defendant's actions

towards Plaintiff.[2]   *Id.*   Taken together, Plaintiff has brought forth sufficient questions of

material fact to make his *prima facie* case.


**Pretext**

   "Once plaintiff establishes a *prima facie* case by proving only that the protected activity

and the negative employment action are not completely unrelated, the burden shifts to

the defendant to proffer a legitimate reason for the adverse action."   *Sierminski v. Transouth Fin.*

*Corp.*, 216 F.3d 945, 950 (11th Cir. 2000).   Here, Defendant contends that Plaintiff's poor

performance was the reason for its actions.   This is a legitimate non-retaliatory reason. The

burden now "shifts back to the Plaintiff to prove by a preponderance of the evidence that the

'legitimate' reason is merely pretext for prohibited, retaliatory conduct.   S*ierminski*, 216 F.3d at

950.

   "A plaintiff can establish pretext by demonstrating such weaknesses, implausibilities,

inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons

for its action that a reasonable factfinder could find them unworthy of credence."   *Hill v. Emory*

*Univ.*, 346 Fed. Appx. 390, 394 (11th Cir. 2009) (unpublished) (*citing Combs v. Plantation*

*Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997)).   "A plaintiff is entitled to survive summary

judgment, and judgment as a matter of law, if there is sufficient evidence to demonstrate the

---

[2]   The affidavit of Thomas Brown, a former employee of Defendant, stated that he had observed a pattern of
retaliatory action against officers who reported unlawful activity.   (Doc. 50, Attach. 23, ¶4). However, Mr. Brown did not
provide any specific details about Plaintiff's case which demonstrates the motives for the adverse actions taken.   His
statement are not relevant for causation in this case.

existence of a genuine issue of fact as to the truth of each of the employer's proffered reasons for its challenged action." *Combs*, 106 F.3d at 1529.

Here, Plaintiff claims that he has refuted each and every performance deficiency alleged against him. And, Plaintiff claims and has provided some evidence that other similarly-situated co-workers were treated differently. (Doc. 52, p.18-20).   Plaintiff's contentions are sufficient to meet his burden.


**Entitlement to Damages**

The parties agree that Plaintiff cannot recover for back pay.   He also may not recover for the events leading to his termination or for any of the "facts or circumstances" which gave rise to the settlement agreement.   (Doc. 37, Attach. 2).

Finally, should this case go to trial, I do not intend to allow Plaintiff to re-litigate all of the events covered by the PERC order and the settlement agreement.   While those events may serve as background to the current claims, their relevance may be outweighed by the potential to confuse the jury.

The Motion for Summary Judgment (Doc. 41) is **DENIED**.


**ORDERED** on December 8, 2011.


/S/ Richard Smoak_____
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**